# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL FRANCO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KEN CLARK, Warden,<br><br>　　　　　Respondent. | 1:07-CV-00267 AWI SMS HC<br><br>FINDINGS AND RECOMMENDATION |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 20, 2007, Petitioner filed the instant petition for writ of habeas corpus. Petitioner contends he was denied his due process rights during a disciplinary hearing held on March 26, 2005. As a result of the hearing, Petitioner was placed in administrative segregation for approximately 120 days.

### DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that

1  cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246,
2  92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227,
3  240-241, 57 S.Ct. 461, 463-464 (1937).
4  　　　　The instant petition is moot because Petitioner has already served his time in
5  administrative segregation. A presumption of collateral consequences does not apply to prison
6  disciplinary proceedings, and Petitioner has not alleged collateral consequences sufficient to
7  avoid dismissal on the ground of mootness. Wilson v. Terhune, 319 F.3d 477, 480 (9th Cir.2003).

## RECOMMENDATION

9  　　　　Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
10 mootness.
11 　　　　This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii,
12 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and
13 Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District
14 of California.  Within thirty (30) days after being served with a copy, any party may file written
15 objections with the court and serve a copy on all parties.  Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections
17 shall be served and filed within ten (10) court days (plus three days if served by mail) after
18 service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
19 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
20 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
21 F.2d 1153 (9th Cir. 1991).

23 IT IS SO ORDERED.

24 **Dated:   March 28, 2007**　　　　　　　　　　/s/ Sandra M. Snyder
   icido3　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

cd

2