UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL FRANCO, | ) | 1:07-CV-00267 AWI SMS HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #5] |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| KEN CLARK, Warden, | ) | [Doc. #1] |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   On March 29, 2007, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DISMISSED as moot. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

   On May 3, 2007, Petitioner filed objections to the Findings and Recommendation. Petitioner contends the petition is not moot because his case falls within the exception to the mootness doctrine

1   as a case that is "capable of repetition, yet evading review." Spencer v. Kenma, 523 U.S. 1, 17-19
2   (1998). Petitioner argues he is suffering a collateral consequence of being denied parole which will
3   likely continue each time he is considered for parole.
4       Petitioner's argument is without merit. As stated by the Magistrate Judge, the presumption of
5   collateral consequences does not apply to prison disciplinary hearings. Wilson v. Terhune, 319 F.3d
6   477, 480 (9th Cir.2003). Furthermore, because the decision "whether to grant parole is left to 'the
7   judgment of the' Board of Prison Terms, Cal.Code Regs. tit. 15, § 2402, the likelihood of delayed or
8   denied parole is a type of nonstatutory consequence dependent on discretionary decisions that is
9   insufficient to apply the presumption of collateral consequences." Id., at 481, *citing,* Spencer, 523
10  U.S. at 13 (rejecting the notion that the possibility of an enhanced future sentence constitutes a
11  collateral consequence).
12      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de*
13  *novo* review of the case.  Having carefully reviewed the entire file and having considered the
14  objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is
15  supported by the record and proper analysis, and there is no need to modify the Findings and
16  Recommendations based on the points raised in the objections.
17      Accordingly, IT IS HEREBY ORDERED that:
18      1. The Findings and Recommendation issued March 29, 2007, is ADOPTED IN FULL;
19      2. The Petition for Writ of Habeas Corpus is DISMISSED; and
20      3. The Clerk of Court is DIRECTED to enter judgment.
21
22  IT IS SO ORDERED.
23  **Dated:   May 25, 2007**              /s/ **Anthony W. Ishii**
                                           UNITED STATES DISTRICT JUDGE
24
25
26
27
28